UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARION HOOD, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 4:20 CV 978 RWS |
| ACTION LOGISTIX, LLC, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Darion Hood ("Hood") filed this class action suit against Action Logistix, LLC ("Action Logistix"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Action Logistix moved to dismiss Hood's claims based on Hood's alleged lack of Article III standing. On March 25, 2021, I issued an order denying Action Logistix's motion to dismiss. I found that Hood had Article III standing based on Action Logistix's failure to comply with section 1681b(b)(3)(A)'s requirement to furnish Hood with a copy of the subject consumer report and a summary of rights *before* Hood's employment offer was withdrawn. I found that Hood had alleged an injury in fact that was concrete and particularized because he was deprived of the opportunity to explain or clarify the information in his consumer report before his job offer was withdrawn. I concluded that the

1

informational injury that Hood had alleged is supported by precedent and is a traditional basis for lawsuits in this country. The language of § 1681b(b)(3)(A) as well as the legislative history of the FCRA reflects clear congressional intent to make an individual's inability to review and respond to the contents of his consumer report before suffering an adverse employment action a redressable harm.

      Several months after this order was entered Action Logistics filed a motion to reconsider in light of the United States Supreme Court's holding in TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021). Action Logistix points out that the TransUnion decision states that an "asserted informational injury that causes no adverse effects cannot satisfy Article III." Id. at 2214 (internal quotations omitted). TransUnion was a class action dealing with adverse information included in TransUnion's credit reports. The Court found that the named plaintiff asserted an informational injury that caused an adverse effect but that the rest of the class did not.

      Action Logistix contends that Hood has only asserted an informational injury that did not have an adverse effect by asserting that he did not receive the subject consumer report and a summary of rights before his employment offer was withdrawn. However, Hood's complaint contains the further allegation that if he had been provided with these documents as required by the FCRA and had been given the opportunity to view and address what was in the consumer report his employment offer may not have been withdrawn. The loss of the employment

opportunity is the adverse effect that TransUnion requires to establish standing for an informational injury. Whether or not Hood is correct, that he could have changed Action Logistix's decision, is not the issue at this stage of the litigation. The current issue is whether Hood has alleged sufficient information in his complaint to establish his standing to pursue his claim. I find that Hood has done so. As a result, I will deny Action Logistix's motion to reconsider my previous order denying its motion to dismiss.

A few days before Action Logistix filed its motion for reconsideration, Hood filed a motion for a hearing concerning a discovery dispute. The motion was not accompanied by a memorandum in support as required by Local Rule 4.01. Moreover, filing a motion for a hearing concerning a discovery dispute without more is not the practice in federal court. If Hood seeks to raise a discovery issue he must file a motion to compel accompanied by a memorandum that clearly identifies the discovery he seeks, the responses by Action Logistix that are deemed to be deficient, and the legal cases and argument in support of his position. A motion for a hearing may be contained within such a filing. Rather than filing such a memorandum in support, Hood simply attached his "golden rule" letter to Action Logistix and a copy of Action Logistix's discovery responses. In addition, Hood's motion does not indicate that the parties actually met and conferred in an attempt to resolve these issues before filing a motion for a hearing. This is not sufficient. However, my

involvement in Hood's discovery issues may be unnecessary. In its response to Hood's motion for a hearing Action Logistix stated that if its motion for reconsideration is denied, it "believes that good faith negotiations may resolve many or all of the [discovery] issues between the parties." I am confident that the parties can resolve these issues when they meet and confer. If not, Hood may file an appropriate motion to compel following the Court's local rules.

Finally, based on the resolution of Action Logistix's motion for reconsideration, I will issue an amended case management order to extend the case deadlines.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Action Logistix LLC's motion for reconsideration [21] is **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiff Darion Hood's motion for a hearing to resolve a discovery dispute [20] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2021.